**This document has been electronically entered in the records of the United States Bankruptcy Court for the Southern District of Ohio.**

**IT IS SO ORDERED.**



**Dated: December 7, 2018**

C. Kathryn Preston
United States Bankruptcy Judge

_____

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| In re: | Case No. 18-50293 |
| Kenneth L. Perry, | Chapter 13 |
| Debtor(s). | Judge Preston |
| Palmetto Construction Services, LLC, | |
| Plaintiff, | |
| v. | Adv. Proc. No. 18-02040 |
| Kenneth L. Perry, | |
| Defendant. | |

### ORDER GRANTING DEFENDANT'S MOTION TO
### DISMISS PLAINTIFF'S COMPLAINT (DOC. #13)

This cause came on for consideration of the *Defendant's Motion to Dismiss Plaintiff's Complaint* (Doc. #13) (the "Motion") filed by Kenneth L. Perry (the "Defendant") and the *Plaintiff's Memorandum In Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint* (Doc. #15) (the "Response").

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and General Order 05-02 entered by the United States District Court for the Southern District of Ohio, referring all bankruptcy matters to this Court.

## I. Background

The Defendant filed a petition for relief under Chapter 13 of the Bankruptcy Code on January 21, 2018. Palmetto Construction Services, LLC (the "Plaintiff") filed the Complaint instituting the instant adversary proceeding. The Complaint asserts that conduct of the Defendant gave rise to a nondischargeable debt pursuant to 11 U.S.C. § 523(a)(2). In short, the Complaint alleges the following facts: the Plaintiff was a general contractor for a construction project known as the Licking County Child Support Services Project (the "Project"). The Plaintiff entered into a subcontract with the Defendant under which he was to provide HVAC services and other related work for the Project. The Plaintiff alleges that the Defendant's work on the Project was not acceptable to the Plaintiff, and eventually it terminated the subcontract with the Defendant as a result. Over the course of the relationship, the Defendant made false representations regarding his ability to order and pay for critical HVAC equipment, his ownership interest in and/or control over certain HVAC equipment, and the amounts due and owing an entity named Professional Supply, Inc., intended to mislead the Plaintiff into making unjustified payments to the Defendant, to avoid termination of the subcontract, and prevent delivery and installation of HVAC equipment for the Project.

## II. Discussion

### A. Standard for Motion to Dismiss

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)[1], the facts articulated in the complaint must be taken in a light most favorable to the plaintiff and

---

[1] Fed. R. Civ. P. 12 is applicable to adversary proceedings in bankruptcy court pursuant to Fed. R. Bankr. P. 7012.

2

accepted as true. *Bovee v. Coopers & Liebrand CPA*, 272 F.3d 356, 360-61 (6th Cir. 2001). A motion to dismiss should be granted if the complaint lacks some factual context sufficient to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligations to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65. The Court need not accept as true legal conclusions or unwarranted factual inferences. *Bovee*, 272 F.3d at 361. Therefore, the Plaintiff must allege facts (which should be taken as true) sufficient to suggest that a breach occurred. *Bell Atlantic Corp.* at 1965.

A complaint alleging fraud must satisfy the heightened pleading requirements of Federal Rule of Civil Procedure ("FRCP") 9(b).[2] FRCP 9(b) requires that "[i]n alleging fraud . . ., a party must state with particularity the circumstances constituting fraud . . . . Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). A party alleging fraud, "at a minimum, must provide 'the time, place and contents of the misrepresentation(s) upon which he relied.'" *Rautu v. United States Bank*, 557 F. App'x 411, 414 (6th Cir. 2014) (quoting *Bender v. Southland Corp.*, 749 F.2d 1205, 1216 (6th Cir. 1984)). "To assure that they have satisfied [FRCP] 9(b) requirements, plaintiffs should strive to specify the statement they contend is fraudulent, identify the speaker, time, and location of the statement, and explain why the statement is indeed untrue or a misrepresentation." *Rautu*, 557 F. App'x at 414 (citation omitted). The bases for the heightened pleading requirement of FRCP 9(b) are to: (1) provide defendants notice of the particulars of their alleged misconduct so that they can respond accordingly; (2) prevent fishing expeditions; (3) protect defendants' reputations from

---

[2] Fed. R. Civ. P. 9 is applicable to adversary proceedings in bankruptcy court pursuant to Fed. R. Bankr. P. 7009.

3

allegations of fraud; and (4) narrow discovery to relevant matters. *Chesbrough v. VPA. P.C.*, 655 F.3d 461, 466-67 (6th Cir. 2011) (citations omitted).

### B. 11 U.S.C. § 523(a)(2)(A)

The Complaint fails to specify under which provision of 11 U.S.C. § 523(a)(2) the Plaintiff relies for its allegation that the debt owed to it is nondischargeable. Notwithstanding, the Complaint makes no reference to a materially false statement in writing respecting the Defendant's financial condition that was used by the Defendant and upon which the Plaintiff relied during their business transactions. The Complaint does, however, contain numerous allegations regarding misrepresentations made by the Defendant. Thus, the Court will limit its discussion to 11 U.S.C. § 523(a)(2)(A).

Section 523(a)(2)(A) of the Bankruptcy Code provides in pertinent part:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt–
>    (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by--
>        (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition[.]

11 U.S.C. § 523(a)(2)(A).

#### 1. False Pretenses and False Representations

In order to except a debt from discharge under § 523(a)(2)(A), a creditor must prove the following elements: (1) the debtor obtained money through a material misrepresentation that, at the time, the debtor knew was false or made with gross recklessness as to its truth; (2) the debtor intended to deceive the creditor; (3) the creditor justifiably relied on the false representation; and (4) its reliance was the proximate cause of loss. *Rembert v. AT&T Universal Card Serv. (In re Rembert)*, 141 F.3d 277, 280-81 (6th Cir. 1997) (footnote omitted). False pretenses are

4

distinguishable from false representations in that "[a] false pretense involves an implied misrepresentation or conduct that is intended to create and foster a false impression while a false representation involves an express representation." *Goldberg Securities, Inc. v. Scarlata (In re Scarlata),* 127 B.R. 1004, 1009 (N.D. Ill. 1991). *See also Blascak v. Sprague (In re Sprague)*, 205 B.R. 851, 859 (Bankr. N.D. Ohio 1997); *Wings & Rings, Inc. v. Hoover (In re Hoover)*, 232 B.R. 695, 700 (Bankr. S.D. Ohio 1999). Still required is an intent to deceive on the part of the debtor and justifiable reliance on the part of the creditor. Furthermore, "in properly pleading a plausible cause of action under § 523(a), a plaintiff must at least identify a claimed misrepresentation by the what, where, and when and state facts from which reliance and intent may at least reasonably be inferred by the court." *Vogt v. Hastings* (*In re Hastings*), 2015 Bankr. LEXIS 1119, at *10-11 (Bankr. N.D. Ohio 2015) (citation omitted).

In the Response, the Plaintiff identifies the following three alleged misrepresentations made by the Defendant:

> (1) the statement that [Defendant] had the capability and financial wherewithal to order (and pay for) critical HVAC equipment (Compl. ¶ 36); (2) the statement that [Defendant] had control over and/or a claim of ownership over the HVAC equipment manufactured by Johnson Controls, Inc. (Compl. ¶¶ 25, 29, 33, 36); and (3) the statement that amounts were due and owing to an entity called "Professional Supply, Inc." for materials furnished to the Project (Compl. ¶¶ 25, 26, 36).

Mem. Opp'n 4.

With respect to the first alleged fraudulent statement, paragraph 36 of the Complaint states, that "[Defendant], on his own and in concert with others, made false representations to [Plaintiff] before and after termination of the Subcontract, including but not limited to: (1) reassuring [Plaintiff] that [Defendant] had the capability and financial wherewithal to order (and pay for) critical HVAC equipment[.]" This allegation does not satisfy the heightened pleading

5

requirements of FRCP 9(b) because it fails to specify the statement that the Plaintiff contends is fraudulent. The Complaint simply states that the Defendant made false representations assuring the Plaintiff that he had the capability and financial means to order equipment, but the Complaint fails to specify what those statements were and identify their content. Paragraph 36 of the Complaint alleges that the Defendant "on [his] own and in concert *with others*" made this false representation, but fails to identify who the other parties are.[3] The Plaintiff fails to allege the time of the misrepresentation with any specificity because the Complaint indicates it was made "before and after termination of the Subcontract." The Complaint also fails to identify where the statement was made and fails to explain why the statement is indeed untrue or a misrepresentation.

With respect to the second alleged fraudulent statement, the Complaint fails to satisfy the heightened pleading requirements of FRCP 9(b). The Plaintiff argues that paragraphs 25, 29, 33, and 36 of the Complaint identify a fraudulent statement made by the Defendant regarding his assertion of an ownership interest in or control over the HVAC equipment manufactured by Johnson Controls, Inc. Review of these paragraphs, however, proves otherwise. Paragraph 25 of the Complaint discusses an email that was allegedly sent before the contract between the parties was terminated, by the Defendant to an employee of the Plaintiff in which the Defendant requests payment for all equipment used on the job. That paragraph specifically states, in pertinent part, that "[o]nce we receive payment we are prepared to remove [Defendant's] . . . name from the stored equipment ordered from Johnson Controls and release that to you guys." Compl. ¶ 25. Paragraph 25 alleges that the Defendant sent the email, and although the Court can infer that the Defendant sent the email based on the email address from which it was sent (i.e.,

---

[3] The failure to identify who the other parties are that were involved in the alleged misrepresentations applies equally to the second and third fraudulent statements alleged by the Plaintiff because the language "on [his] own and in concert with others" precedes all three alleged fraudulent statements in paragraph 36 of the Complaint.

kperryhvac@yahoo.com), the closing in the email is problematic. The email indicates a person named Lillian Perry authored it, but the Complaint makes no reference to Lillian Perry and fails to suggest how and why her actions should be imputed to the Defendant. Furthermore, paragraphs 29, 33 and 36 of the Complaint fail to specify any statements made by the Defendant regarding an ownership interest in or control over HVAC equipment.

And finally, the Complaint fails to meet the heightened pleading requirement of FRCP 9(b) with respect to the third alleged fraudulent statement made by the Defendant that amounts were due and owing to an entity named Professional Supply, Inc. Paragraph 25 of the Complaint alleges that the Defendant stated in an email dated October 16, 2017, to one of the Plaintiff's employees that "[w]e currently owe Professional supply [sic] $128,710 and they are demanding payment." Compl. ¶ 25 (second alteration in original). This clearly satisfies the content, time and location requirements of FRCP 9(b). The only issue, then, is properly identifying the speaker. As previously discussed, paragraph 25 alleges that the Defendant sent the email, and although the Court could infer that the Defendant sent the email based on the email address from which it was sent, the closing in the email makes such an inference difficult. The email indicates a person named Lillian Perry authored it, but the Complaint does not identify Lillian Perry or allege why her actions should be imputed to the Defendant. Further, the Complaint indicates that the Defendant made false representations "in concert with others" yet fails to identify who the other parties are, as noted previously. For this reason, the Complaint needs to clarify if indeed there are other parties involved and specifically identify who they are and why their actions should be imputed to the Defendant, in order to satisfy the heightened pleading requirement of FRCP 9(b).

7

**2.  Actual Fraud**

For purposes of § 523(a)(2)(A), actual fraud is defined broadly – "any deceit, artifice, trick or design involving a direct and active operation of the mind, used to circumvent and cheat another – something said, done or omitted with the design of perpetrating a cheat or deception." 4 *Collier on Bankruptcy* ¶ 523.08[1][e] (Alan N. Resnick & Henry J. Sommer, eds., 16th ed. 2010). *See also McClellan v. Cantrell*, 217 F.3d 890, 893 (9th Cir. 2000) ("[B]y distinguishing between 'a false representation' and 'actual fraud,' the statute makes clear that actual fraud is broader than misrepresentation.") (citing 4 *Collier on Bankruptcy* ¶ 523.08[1][e] (Lawrence P. King ed., 15th ed. 2000)).

> Fraud is a generic term, which embraces all the multifarious means which human ingenuity can devise and which are resorted to by one individual to gain an advantage over another by false suggestions or by the suppression of truth. No definite and invariable rule can be laid down as a general proposition defining fraud, and it includes all surprise, trick, cunning, dissembling, and any unfair way by which another is cheated.

*McClellan*, 217 F.3d at 899 (citations omitted).  Actual fraud has also been defined as "deception intentionally practiced to induce another to part with property or to surrender some legal right, and which accomplishes the end designed." *Blascak v. Sprague (In re Sprague)*, 205 B. R. 851, 859 (Bankr. N.D. Ohio 1997).  "Similar to fraudulent representation, a plaintiff must allege the 'who, what, when, where, and how' of the alleged actual fraud to comply with [FRCP] 9(b)." *Guardian Fin. Co. v. Metzger* (*In re Metzger*), 2018 Bankr. LEXIS 3335, at *14 (Bankr. S.D. Ohio 2018) (citation omitted).

The Complaint contains a number of allegations regarding substandard work/performance by the Defendant, but fails to plead with any particularity any facts that would allow this Court to infer that the Defendant employed any deceptive acts to induce the Plaintiff to part with property or surrender some legal right.  In fact, the Complaint fails to illustrate how money, property,

services or credit was obtained by any nefarious act or conduct of the Defendant. The Complaint alleges that Defendant's misrepresentations that Professional Supply, Inc., was owed money for materials were made to "coerce [Plaintiff] into making an otherwise unjustified payment to [Defendant]," but fails to specify what payment (i.e., the dollar amount), when that payment was made, and/or how that payment was made. Compl. ¶ 32. The Plaintiff admits to making payment to the Defendant in the amount of $50,000 for work that was performed in compliance with the terms and conditions of the subcontract between the parties[4]; however, the Complaint fails to allege any other payments were made to the Defendant. The Plaintiff admits in the Complaint that the "HVAC equipment was the property of Johnson Controls, Inc., and never paid for by [Defendant, and] Johnson Controls, Inc. subsequently represented that it owned the HVAC equipment and directed that the equipment be tendered to H&A for incorporation into the Project." Therefore, the HVAC equipment could not have been property that was fraudulently obtained by the Defendant's conduct. The Complaint fails to identify what money, property, services and/or extension, renewal or refinance of credit the Defendant obtained as a result of the alleged misconduct of the Defendant. A statement that the Defendant's conduct was an attempt to *coerce* an "unjustified payment to [Defendant]" without more is not sufficient; the Defendant must have received something of value (i.e., money, property, services and/or extension, renewal or refinance of credit) as a result of the fraud or misrepresentations. Thus, the Complaint fails to state a claim upon which relief can be granted under 11 U.S.C. § 523(a)(2)(A).

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that *Defendant's Motion to Dismiss Plaintiff's Complaint* (Doc. #13) is GRANTED, and the Complaint is dismissed. It is further

---

[4] The Plaintiff admits in the Complaint that "no payments are to be made unless Subcontractor's [i.e., Perry's] rate of progress, and quality of Work done and material and services furnished are satisfactory to the Contractor [i.e., Palmetto] and in full compliance with the Contract Documents." Compl. ¶ 7 (alterations in original).

9

**ORDERED AND ADJUDGED** that within twenty-one (21) days of the date of entry of this Order, the Plaintiff may file an amended complaint.  In the event that the Plaintiff fails to file an amended complaint, this adversary proceeding shall stand dismissed without further order of Court, and the clerk may close this adversary proceeding.

**IT IS SO ORDERED.**

Copies to:

Timothy A. Kelley, Attorney for Plaintiff
(*via CM/ECF*)

Karen E. Hamilton, Attorney for Defendant
(*via CM/ECF*)